INTERNATIONAL HARVESTER CO. v. SHAROFF et al.

No. 4521.

United States Court of Appeals Tenth Circuit.

Feb. 17, 1953.

------◆------

Clarence L. Bartholic, Denver, Colo., for appellant.

Robert S. Mitchell, Denver, Colo. (Nathan R. Kobey and Thomas E. McCarthy, Denver, Colo., were with him on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action for the recovery of damages to a truck-tractor and semi-trailer resulting when the entire unit overturned while being operated upon the highways of Arizona. A trial by jury resulted in a verdict for the plaintiffs, appellees herein, upon which a judgment was entered. While fourteen points of error are relied upon for reversal, they may be grouped under four headings, namely, (1) there was insufficient evidence of negligence on appellant's part to submit the case to the jury, (2) plaintiff was guilty of contributory negligence which barred a recovery, (3) the court erred in the admission of evidence, and (4) the court erred in refusing to give tendered instructions.

Appellant, International Harvester Company, manufactured and assembled the truck-tractor and sold it to appellees. Appellant did not make any tests or inspections of the parts of the assembled units, particularly the torque rod housing and the springs, other than a visible inspection and spot check of the springs. At the time of the accident, the truck-tractor, pulling a trailer loaded with lettuce, was traveling from Phoenix, Arizona, to Denver, Colorado. While going up a steep pass and while coming out of a curve to the right, the entire unit turned over with serious damage thereto. So much of the evidence is without dispute.

Appellees' theory of the cause of the accident was that it resulted from the defective material of the broken parts hereinafter set out. The negligent acts on appellant's part relied upon to establish liability consisted of its failure to make adequate, reasonable and available tests of these parts which would have revealed the dangerous defects therein, and it is contended that this negligence was the proximate cause of the accident with the resultant damage therefrom.

There was no direct evidence as to the cause of the accident. On direct examination Delbert Ewing, the driver of the truck, testified that the truck was loaded with approximately 22,400 pounds of lettuce and that it also contained 3,300 pounds of ice. He testified that he was traveling on a winding oil road; that the road was dry; that he was going up a steep grade on this winding road; that approximately two or three miles down the road from where the accident occurred, while on a curve, the truck felt as if it were out of gear, like the clutch was slipping, or something was broken; that this condition lasted only for a few seconds when it took hold, straightened out, and functioned properly again. He testified that he did not stop and examine the equipment on that occasion because the road was narrow and there was no place to pull off without blocking traffic. He testified that just as he was coming out of a curve on a steep grade and while traveling at approximately 25 miles per hour, it felt like there was nothing behind him to hold the trailer up; that it snapped the whole rig over; that he made a brief inspection after the accident and noticed that the torque arm was broken, the universal joint was broken and the spring was out of the saddle, and later on he further examined the truck and found that the universal joint was pulled loose, the spring was loose in the saddle, the main leaf on the left spring was broken and that the housing bracket into which fitted the torque arm was broken. The witness testified that the torque rod bracket, being broken, allowed the rear end to rotate

forward and backward, letting the springs pull out of the saddle and letting the rear wheel pull to the left and upset the load balance, thus causing the unit to tip over.

Appellant on the other hand contended that these parts did not break prior to the accident and cause the vehicle to overturn. It adduced evidence at the trial which would sustain its theory and which, if believed by the jury, would relieve it of liability. But since the question is whether there was sufficient evidence to take the case to the jury, it is unnecessary to set out this evidence.

■ The landmark case of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696; has thoroughly established the principle that a manufacturer or assembler of goods is liable for injuries caused to persons by defects therein for failure to properly inspect and discover inherent defects, if the nature of the thing is such that it is reasonably certain to place life and limb in peril when negligently constructed. He may not rely upon an inspection made by one from whom he purchased the parts that go into the finished product but is under independent duty to make reasonable inspections thereof.

■ There can be no doubt but that an instrumentality the size, length and weight of the one involved here is a dangerous instrumentality if constructed of inferior or defective material. There was, therefore, a duty upon appellant to make an independent inspection of these parts. It is admitted that the only inspection made was a visual one of the springs. There is also evidence that there are practical tests such as magnaflux tests, X-ray tests, fluorescent light tests and specific gravity tests, some of which will reveal defects in the hardness of the steel going into the springs and others thereof which will reveal weaknesses and defects in the materials which went into the other parts involved in the accident. Whether appellant discharged its duty of inspection by a mere visual inspection of the springs and a mere road test of the torque rod housing was a proper question for the jury.

We are also of the view that there was sufficient evidence to take the case to the jury on whether the breaking of the parts caused the accident or were the result of the accident. Appellee relied upon the testimony of its driver of the incident about two miles before the accident when the truck seemed for an instant to go out of control and on the fact that the broken part to the housing, which was of considerable size, could not be found at the scene of the accident or within a distance of two miles back of the point of the accident to sustain the burden resting upon it to establish that the defective parts caused the accident. The argument that the temporary raising up of the rear part of the unit was caused by the break and the further point that the broken part of the housing could not be found at the scene of the accident or within two miles thereof would indicate that it broke somewhere else and prior to the accident is not without logic or reason.

Appellant contends that appellees' driver in any event was guilty of contributory negligence in failing to stop the vehicle at a point two to three miles from the place of the accident and checking when something apparently went wrong momentarily. The driver gave his reasons for not stopping at that point. According to his testimony, he did not stop because the disturbance lasted only a few seconds, after which the truck settled down and operated normally. He also assigned as a further reason for his failure to stop the condition of the highway with respect to turn-outs at that point. The most that can be said under these facts is whether his failure to stop and make an inspection under these circumstances constituted negligence was a question of fact for the jury. It was submitted to the jury and it resolved it against appellant.

■ It is further urged that the trial court committed reversible error in permitting Ewing to testify over objections that the drive-shafts and universals were pulled out or broken, when there was no allegation in the complaint with respect to these matters. This testimony related to the physical facts as they existed immediately after the accident and was not offered

to establish the cause of the accident. In response to a question by the court whether Ewing was contending that the pulling out of the universal joint caused the truck to turn over, he replied that he did not so contend. There was no error in the admission of this evidence.

Finally, it is contended that the court erred in refusing to give two instructions, one relating to certain phases of proof as to the proximate cause of the accident, and the other to the effect of posted speed limit notices along the highway. For the reasons presently appearing these instructions need not be further set out. Appellant did not except to the court's refusal to give these instructions. Under Rule 51 of the Federal Rules of Civil Procedure, 28 U.S. C.A., no party may assign as error the refusal of the trial court to give requested instructions for the first time on appeal, unless he objects thereto before the jury retires to consider its verdict. No such objection was made in this case and appellant may, therefore, not raise this question for the first time on appeal. Furthermore, we have read the court's instructions and feel that they were adequate to guide the jury in its deliberations.

Affirmed.