**CONSOLIDATED GAS & EQUIPMENT COMPANY OF AMERICA, Appellant,**

v.

**Clarence F. CARVER and La Junta Equipment Company, Appellees.**

**No. 5700.**

United States Court of Appeals
Tenth Circuit.

June 30, 1958.

Duke Duvall, Oklahoma City, Okl., and Joseph N. Lilly, Denver, Colo. (V. G. Seavy, Jr., Denver, Colo., and Duvall & Head, Oklahoma City, Okl., on the brief), for appellant.

Raymond J. Connell, Denver, Colo., and Lawrence Thulemeyer, La Junta, Colo. (Yegge, Bates, Hall & Shulenberg, Denver, Colo., and Thulemeyer & Stewart, La Junta, Colo., on the brief), for appellee, Clarence F. Carver.

John P. Beck, Denver, Colo., for appellee, La Junta Equipment Co.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

BRATTON, Chief Judge.

Clarence F. Carver instituted this action against Consolidated Gas & Equipment Company of America and La Junta Equipment Company, sometimes hereinafter referred to as Consolidated and Equipment, respectively, to recover damages for personal injuries and for medical and hospital expenses in the total amount of $34,840. The cause of action pleaded in the amended complaint was that at the time of the accident resulting in the injuries, plaintiff was employed at a service station; that the defendants negligently supplied to plaintiff's employer a defective and wrongfully riveted rim to be used in mounting a truck tire on a truck of the defendant Consolidated; that pursuant to the course of his employment, plaintiff mounted the tire on the truck; that due to the defective and wrongful manner in which the rim had been riveted, the lock rim blew off the tire; that plaintiff was struck on the leg and in the region of the pelvis and sustained disabling injuries; that he suffered great pain of body and mind; and that he incurred expenses for medical and hospital care. Each defendant denied negligence on its part; pleaded that the accident was caused by the negligence of plaintiff; pleaded contributory negligence; and pleaded unavoidable accident. And by cross claim, each defendant pleaded that, as between the two defendants, the negligence of the other defendant was the sole and proximate cause of the accident and resulting injuries. The cause was tried to a jury. At the conclusion of all the evidence, each defendant moved for a directed verdict in its favor. The motion of the defendant Consolidated was denied; the motion of the defendant Equipment was sustained; as between plaintiff and the defendant Consolidated, the cause was submitted to the jury; and the jury returned a verdict for plaintiff for $34,840, the full amount for which plaintiff sued. A consolidated motion for judgment notwithstanding the verdict or in the alternative for a new trial was filed and denied. An appeal

from the judgment was seasonably perfected. Thereafter, a supplemental motion for a new trial was filed. The basis of the supplemental motion was misconduct of a juror by which the defendant Consolidated was prevented from having a fair trial. This court remanded the cause to the trial court for the purpose of enabling that court to entertain a motion for relief from the judgment under Rule of Civil Procedure 60(b), 28 U.S.C. The defendant Consolidated filed in the trial court a motion for such relief. A hearing was had, the motion was denied, and the motion and a transcript of the proceedings had in connection with it were transmitted to this court.

The hearing in the district court upon the motion for relief under Rule 60(b) was quite appropriate, complete, and adequate as a means of developing the pertinent facts. These facts, some developed from one source and some from another, were before the court at the time of the denial of the motion. In the course of the voir dire examination, the court asked members of the jury panel, including Wayne O. Littrell, whether any of them ever had a lawsuit where they sought to recover for personal injuries or defended against one who sought to recover for personal injuries. Although the court spoke audibly and clearly in propounding the questions, no response was made by Littrell. No peremptory challenge was directed to Littrell; he served as a member of the jury; and he acted as foreman. At the time he was examined, accepted, and acted as foreman of the jury, he had pending in the state district court an action in which he sought to recover actual and exemplary damages for personal injuries and loss of earnings suffered as the result of an accident which occurred at a roller skating rink aggravated by the manner in which he was picked up from the floor and carried out of the rink. During the deliberations of the jury of which he was a member and foreman, Littrell did not make any reference to the case pending in the state court. The jury was polled on two or three different aspects of the case, beginning each time with the juror sitting immediately on the left of Littrell and ending with Littrell. Littrell did not attempt to influence or persuade other members of the jury; the jury were fairly unanimous upon the different aspects of the case; and without undue delay, the jury reached a unanimous verdict. In addition to saying that he did not recall the particular question to which reference has been made being asked in the course of the voir dire examination, Littrell stated at the hearing upon the motion for relief from the judgment that at the time he served on the jury he did not consider himself involved in a lawsuit until it actually went to court; that at the time he sat on the jury no date had been fixed for the trial of his case in the state court; and that at such time, negotiations for settlement of such case were under consideration.

■■ Rule of Civil Procedure 60(b), supra, provides in presently pertinent part that on motion and upon such terms as are just, the court may relieve a party from a final judgment for any reason justifying such relief. The rule is neither a substitute for appeal nor a conduit through which to channel a collateral attack upon a judgment of a court of competent jurisdiction. Providential Development Co. v. United States Steel Co., 10 Cir., 236 F.2d 277. And an application for extraordinary relief under its provisions must be clearly substantiated by adequate proof. Federal Deposit Insurance Corp. v. Alker, 3 Cir., 234 F.2d 113. But the rule is to be liberally construed as a grant of power to a court to vacate a judgment when such action is appropriate to accomplish justice. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (opinion by Mr. Justice Black in which Mr. Justice Douglas joined); Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242; Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34. It is clear that after the cause had been remanded for that purpose, the district court was clothed with jurisdiction to explore and determine—subject to review on appeal—the

question whether the defendant Consolidated was entitled to be relieved from the judgment for misconduct on the part of a member of the jury which prevented such defendant from having the type of fair trial contemplated by law.

There is no present need to discuss the purpose or function of the voir dire examination of jurors. Neither is there any present occasion to discuss the paramount importance of providing methods and procedures for the selection of fair and impartial juries. To enter into an extended discussion of either would be merely to state in different language that which has been iterated and reiterated over a long period of years. Courts have many times concerned themselves with the effect of a juror making false answers or failing to answer questions propounded to him on his voir dire examination. There are cases holding that in an action for the recovery of damages for death or personal injuries, the act of a juror in the course of his voir dire examination in innocently or inadvertently giving or withholding insignificant information in respect to claims or actions for damages by or against himself or his immediate relatives, though false, does not require the granting of a new trial unless the unsuccessful litigant was prejudiced in his case. Stanczak v. Pennsylvania Railroad Co., 7 Cir., 174 F.2d 43; Maher v. New York, Chicago & St. Louis Railroad Co., 290 Ill.App. 267, 8 N.E.2d 512, certiorari denied 300 U.S. 665, 57 S.Ct. 508, 81 L.Ed. 873; Kuzminski v. Waser, 314 Ill.App. 438, 41 N.E.2d 1008; Pearson v. Gardner Cartage Co., 148 Ohio St. 425, 76 N.E.2d 67; Davis v. Kansas City Public Service Co., 361 Mo. 61, 233 S.W. 2d 679; Harrison v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 348; Tyler v. Kansas City Public Service Co., Mo.App., 256 S.W.2d 563; Crutcher v. Hicks, Ky., 257 S.W.2d 539, 38 A.L.R.2d 620; Johnson v. Kansas City Public Service Co., Mo., 265 S.W.2d 417; Cincinnati, Newport & Covington Railway Co. v. Peluso, Ky., 293 S.W.2d 556. In some of these cases, the claim or action was remote in time with no indication that the juror was likely still to be influenced thereby; in some the asserted damage was insignificant; in some the amount paid was trifling; and in some a claim agent appeared without invitation, sought a release from liability, and paid a nominal amount therefor.

The claim and action of the juror in this case were not remote in time. The injury to the juror occurred less than two years prior to the time of his voir dire examination; the action was pending; and negotiations for its settlement were under way. The claim asserted by the juror was not nominal in amount. In the complaint in the action the juror sought actual damages in the sum of $133,150, and exemplary damages in the sum of $25,000. And the general nature of the injuries pleaded in the complaint of the juror and those pleaded in the amended complaint of the plaintiff in this case bore marks of similarity. The juror there and the plaintiff here each asserted disabling injury to his right leg. The juror there also asserted injury to his right hip and the plaintiff here also asserted injury in the region of his pelvis. If the juror had disclosed in response to the question propounded on his voir dire examination the existence of his claim and the pendency of his action in the state court, the court would have excused him for cause. The court so stated at one juncture in its consideration of the motion for relief from the judgment. And it is manifest that if the court had not excused the juror for cause, Consolidated would have exercised one of its peremptory challenges upon him. Whether so intended or not, the effect of the silence of the juror was to deceive and mislead the court and the litigants in respect to his competency. And such deception and misleading had the effect of nullifying the right of peremptory challenge as completely as though the court had wrongfully denied such right. In view of the possibility and even probability that the juror would be subject in some degree to the extraneous influence of his own injury

and the pendency of his own action, he was not a competent juror. Since he was not a competent juror, the jury with his membership thereon was not a properly constituted tribunal. And upon discovery of the incompetency of the juror, the motion for relief from the judgment should have been sustained. Shulinsky v. Boston & Maine Railroad, 83 N.H. 86, 139 A. 189; Wright v. Bernstein, 23 N.J. 284, 129 A.2d 19; Marvins Credit, Inc., v. Steward, D.C.Mun.App., 133 A.2d 473; Harshaw v. Kansas City Public Service Co., 154 Kan. 481, 119 P.2d 459; Kerby v. Hiesterman, 162 Kan. 490, 178 P.2d 194; Kaminski v. Kansas City Public Service Co., 175 Kan. 137, 259 P.2d 207; Stillwell v. Johnson, Okl., 272 P.2d 365; Cleveland Railway Co. v. Myers, 50 Ohio App. 224, 197 N.E. 803; Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917; Texas Employers' Insurance Association v. Wade, Tex.Civ.App., 197 S.W.2d 203; Piehler v. Kansas City Public Service Co., 357 Mo. 866, 211 S.W.2d 459. True, the verdict was unanimous but that did not immunize it from attack upon the ground that the particular juror was not competent. The integrity of the verdict depended upon there being twelve competent jurors, not eleven. United States v. Chapman, 10 Cir., 158 F.2d 417, certiorari denied 335 U.S. 860, 69 S.Ct. 134, 93 L.Ed. 406.

■ Error is predicated upon the action of the court in denying the motion of Consolidated to dismiss the action as against it and also in denying its motion for judgment notwithstanding the verdict or in the alternative for a new trial. The substance of the argument is that plaintiff did not carry the burden of establishing actionable negligence on the part of Consolidated; and that if there was evidence establishing primary negligence on the part of Consolidated, the evidence of plaintiff established contributory negligence on his part. Briefly stated, evidence was adduced which tended to establish these facts. One Ervin Morgenstern drove into the service station where plaintiff worked a tractor and trailer owned or leased by Consolidated in which compressed gasoline was hauled. Two blown out tires were on the tractor or trailer. Morgenstern wanted these repaired. Plaintiff noticed that on one of the wheels removed from the tractor or trailer, the lock ring was separated or severed from the tire rim. After the wheels with the blown out tires thereon had been removed from the tractor or trailer, Morgenstern took the ring and rim to the place of business of Equipment, placed them on the floor, and requested that they be riveted together. The two employees of Equipment present riveted the two parts together in the manner indicated by Morgenstern and returned the riveted ring and rim to him. The ring and rim were improperly riveted. The ring was on the rim upside down and as the result there was no cup to hold it and prevent it from blowing off the wheel. Richard Olson, stepson of Morgenstern, brought the repaired rim and ring back to the service station. Plaintiff mounted it on the new tire and tube. Plaintiff inflated the tire to 35 pounds air pressure and checked the position of the lock ring; he then inflated the tire to 65 pounds air pressure and again checked the position of the lock ring; and finally, he inflated the tire to 95 pounds air pressure and again checked the seating of the lock ring. Plaintiff had followed that procedure on many prior jobs and he was aware of the fact that if the tire rim and lock ring were not properly assembled the job of mounting the tire would be dangerous. After the tire had been mounted in the manner indicated, Morgenstern came again to the service station with the tractor and requested that the new tires and tubes which had been mounted be placed on the front of the tractor. While plaintiff and his employer were engaged in mounting on the truck the tire and tube which had been assembled with the repaired tire rim and lock ring such rim and ring were blown off, and plaintiff was struck and injured. Ordinarily, the question whether primary or contributory negligence has been established is for the jury. Where facts dis-

closed by direct or circumstantial evidence or both are in conflict, or when reasonable inferences drawn from the facts and circumstances may differ, the question must be submitted to the jury. And on motion for a directed verdict or for judgment notwithstanding the verdict upon the ground of the insufficiency of the evidence, the evidence and the inferences fairly to be drawn therefrom must be considered in the light most favorable to the party against whom the motion is directed; and if the evidence and the inferences viewed in that manner are such that reasonable men in the exercise of fair and impartial judgment may reach different conclusions respecting the critical issue, the motion should be denied. Long v. Clinton Aviation Co., 10 Cir., 180 F.2d 665. Viewed in that manner, we think that the evidence and the inferences fairly to be drawn from it presented for the jury the issue of primary negligence on the part of the defendant Consolidated and the issue of contributory negligence on the part of plaintiff; and the court submitted both issues to the jury under proper instructions. Accordingly, it is our conclusion that the motion to dismiss the action and also the motion for judgment notwithstanding the verdict or in the alternative for a new trial for insufficiency of the evidence were providently denied.

■■■■ The action of the court in directing a verdict for Equipment upon the cross claim of Consolidated and in dismissing such cross claim is challenged. It is the general rule that a manufacturer or assembler of goods is liable for injuries caused to persons by defects therein if the thing is of such nature that it is reasonably certain to place life or limb in peril when negligently manufactured or assembled. International Harvester Co. v. Sharoff, 10 Cir., 202 F.2d 52. But that general rule is without application here. Equipment was not engaged in the business of manufacturing or assembling automobile or truck tire rims and lock rings. There was no indication in the record that Equipment or any of its employees ever had any experience in re-

pairing such rims or rings. The two employees of Equipment at its place of business when Morgenstern brought in the rim and ring were wholly unfamiliar with the manner in which the repair should be effected. Placing the rim and ring on the floor, Morgenstern indicated the manner in which the two should be riveted together. And the inexperienced employees of Equipment riveted the two parts together in the requested manner. The job was very slight. It took only a minute or two and no charge was made for the service. The facts and circumstances failed to indicate that Equipment had actual knowledge or was reasonably chargeable with knowledge that riveting the rim and ring together in the manner requested by Morgenstern involved danger to others. Therefore Equipment was not liable for actionable negligence.

■■■■ An instruction given to the jury respecting the relationship between Consolidated and Morgenstern is challenged. One issue joined upon the face of the pleadings was whether Morgenstern was the agent of Consolidated or was an independent contractor. The court instructed the jury that for the purpose of the case and under the record made in the case, as a matter of law Morgenstern was an employee of Consolidated and not an independent contractor. Evidence adduced by plaintiff tended to establish the facts. By written agreement, Morgenstern leased to Consolidated a described tractor for a period of five years. The agreement expressly provided that a driver was not included; that Consolidated should pay to Morgenstern a specified monthly sum; that control of the tractor should be in Consolidated; and that Consolidated should pay all road tax on account of the use of the tractor. From time to time, three certain tractors and trailers were brought to the service station at which plaintiff worked for service such as changing oil, greasing, and repairing tires. At the end of the month, a statement was mailed to Consolidated and was paid by it. On one or more occasions,

Morgenstern drove one of these tractors into the service station for service, and he signed the ticket or tickets therefor. Some or all of such vehicles had "Consolidated Gas & Equipment" painted on them. Consolidated did not offer any evidence controverting or countervailing that adduced by plaintiff establishing these facts. It is clear that by its course of conduct, Consolidated recognized Morgenstern as its agent and employee for the purpose of having oil changed, grease jobs done, and tires changed on such tractors and trailers; and therefore for the purpose of the case, the relationship between them was that of employer and employee. It follows that the instruction was correct and is not open to the complaint directed against it.

 One further contention merits brief discussion. It is urged that the verdict was excessive. The question whether a verdict is excessive and is the result of passion and prejudice is one for the trial court. The action of the trial court in denying a motion for new trial on that ground is not open to review on appeal except in case of abuse of such discretion. And ordinarily it will not be held on appeal that the trial court abused its discretion in denying a motion for new trial on such ground unless there is persuasive indication that in respect to amount the verdict resulted from bias, prejudice, or passion. Chicago, Rock Island & Pacific Railway Co. v. Kifer, 10 Cir., 216 F.2d 753, certiorari denied 348 U.S. 917, 75 S.Ct. 299, 99 L.Ed. 719; E. L. Farmer & Company v. Hooks, 10 Cir., 239 F.2d 547, certiorari denied 353 U.S. 911, 77 S.Ct. 699, 1 L.Ed.2d 665. The evidence disclosed that plaintiff was 24 years of age at the time of his injury; that he was in good health; that his monthly income was approximately $260; that he sustained serious and permanent injuries; that he suffered and will continue to suffer great bodily pain; and that medical and hospital attention was required. The case was tried with painstaking care and the record fails to bear any tokens of an effort to appeal to passion or prejudice of the jury. We fail to find any sustainable basis for the view that the verdict was excessive.

That part of the judgment awarding plaintiff recovery of damages against the defendant Consolidated is vacated and the cause is remanded for a new trial as between such parties. In all other respects, the judgment is affirmed.