**J. R. TRUITT, Plaintiff,**

v.

**TRAVELERS INSURANCE COMPANY,**
**Defendant.**

**Civ. A. No. 11450.**

United States District Court
S. D. Texas,
Houston Division.
June 17, 1959.

port the jury's findings that plaintiff has sustained 301 weeks of continuous, total incapacity since February 13, 1957, but rather that it conclusively establishes that plaintiff has not sustained any total incapacity since May 9, 1957. It is defendant's contention that the test of compensability under Sections 10 and 11 of Article 8306, Texas Civil Statutes (Workmen's Compensation Insurance Law), is reduction to any extent in plaintiff's wage-earning capacity below his average weekly wage for the year immediately preceding the date of the injury. Plaintiff contends that the jury's finding is supported by other sufficient evidence in the record and that the verdict is not an unconscionable one. Compensability under Sections 10 and 11, plaintiff argues, is not determined conclusively by reduction to any extent in plaintiff's wage-earning capacity below his average weekly wage for the year immediately preceding the date of the injury. Rather plaintiff's position is that the jury may consider any reduction in wage-earning capacity along with other evidence in determining the question of total incapacity.

Defendant's chief authority for its interpretation is Pennsylvania Threshermen & Farmers Mutual Cas. Ins. Co. v. Gloff, 5 Cir., 1956, 238 F.2d 839, in which defendant-appellant urged that plaintiff-appellee had worked continuously since resuming his work and had made more money than he was earning prior to his injury. In that case our court of appeals reversed a judgment below for plaintiff and remanded the case, because of several procedural errors, but could not say that the jury did not have before it evidence to sustain its verdict or that the court below abused its discretion in denying the motion for new trial. Among the procedural errors found by the court of appeals, however, was the denial of a requested instruction embodying the same test of compensability under Section 11 urged by defendant in the present case.

The court of appeals based its interpretation of Section 11, concerning the

Hill, Brown, Kronzer & Abraham (Freeman Bullock), Houston, Tex., for plaintiff.

Baker, Botts, Andrews & Shepherd (Paul W. Persons), Houston, Tex., for defendant.

**INGRAHAM, District Judge.**

The case is before the court on defendant's motion renewing its motion for directed verdict and for judgment, and, alternately, for new trial. The motion will be denied on all the grounds urged by defendant.

As its first ground for judgment or new trial, defendant maintains that the clear weight of the evidence does not sup-

granting of this instruction, on Texas Employers Ins. Ass'n v. Swaim, Tex.Civ. App., Amarillo 1954, 278 S.W.2d 600 (writ refused, N.R.E.), in which the Texas court held that the findings of the jury concerning the permanent partial incapacity of plaintiff were against the weight and preponderance of the evidence, because plaintiff was doing the same kind of work that he had been doing before and apparently was earning as much money. The Texas court cited with approval earlier Texas cases holding that an employee must prove an economic loss or impairment of his earnings in order to recover compensation benefits and that the mere proof of an injury is not sufficient.

By finding that such an instruction should have been granted in the Gloff case on authority of the Swaim case, defendant contends that the court of appeals accepted the Swaim case as the correct interpretation of Section 11. Plaintiff urges though that the Gloff and Swaim cases actually are authority for the position that plaintiff's subsequent work record is simply an evidentiary matter for the jury to consider in evaluating the amount of incapacity, rather than a conclusive test of compensability. To support his position, he points to the court of appeals' ruling in the Gloff case that there was sufficient evidence to sustain the jury's verdict and that the trial court did not abuse its discretion in denying the motion for new trial. There seems to be an inconsistency in the rulings of the court of appeals, cited by plaintiff and defendant. If the Swaim case correctly interprets the statute, the court of appeals should have held that the overwhelming weight of the evidence was against the jury's verdict and should have remanded the case for new trial on that ground, rather than sustaining the trial court's ruling denying the motion for new trial. If in a retrial of the Gloff case the jury was instructed as specified by the court of appeals in its opinion and if the jury found for plaintiff, it is likely that the court of appeals would have had to reverse the de-

cision again on the ground that the jury had not followed the instructions. This inconsistency detracts considerably from the persuasiveness of the opinion in the Gloff case and impels the court to consider the logic of the statute and the more recent Texas cases cited by plaintiff.

Plaintiff has cited three recent Texas Civil Appeals cases, which are later than the Swaim case and were decided by other Texas appellate courts. These cases indicate that the fact that a workman worked and earned the same or more money after sustaining an injury is not conclusive on the issue of the workman's incapacity to perform labor under the Workmen's Compensation Act, but is evidentiary only and should be considered along with other evidence in the case. If there is no evidence of an economic loss or impairment of earnings but there is other evidence of incapacity present, a jury verdict for plaintiff would not be against the weight and preponderance of the evidence in the Texas courts. See Consolidated Cas. Ins. Co. v. Smith, Tex.Civ.App. Houston 1958, 309 S.W.2d 80 (writ refused, N.R.E.); Consolidated Cas. Ins. Co. v. Baker, Tex.Civ.App., Waco 1957, 297 S.W.2d 706 (no writ history); and Consolidated Cas. Ins. Co. v. Newman, Tex.Civ.App. Texarkana 1957, 300 S.W.2d 160 (writ refused, N.R.E.). These cases come from three different Texas courts of appeals; none of them has a positive and conclusive writ history. The Swaim case itself came from a fourth court of appeals and was denied a writ of error to the Supreme Court of Texas on grounds of no reversible error. The Texas law on this issue, therefore, would seem inconclusive, though there seems to be a marked tendency toward plaintiff's point of view. In the opinion of the court the later cases, cited by plaintiff, are the better view and represent the trend of interpretation of this statute in the Texas courts. Defendant's motion for judgment or new trial on this ground will be denied.

As its second ground for directed verdict and judgment, defendant maintains

that the evidence is insufficient to show that the condition alleged, a ruptured disc, which plaintiff contends caused his incapacity, was sustained by plaintiff in the accident of February 13, 1957. Defendant points to a regular course of employment, three subsequent accidents, and an alleged admission by plaintiff's physician that the latter could not tell when plaintiff sustained the ruptured disc he had diagnosed in view of newly revealed facts concerning plaintiff's subsequent injuries. Plaintiff contends that his physician testified unequivocally on direct examination that plaintiff's back condition, diagnosed by him as a ruptured disc, was caused by the accident of February 13, 1957, and that this opinion was not changed, modified, or qualified on cross-examination as defendant alleges. Plaintiff cites his subsequent re-direct examination of his physician in which it appears that the latter's opinion had not substantially changed. The physician viewed the subsequent injuries as temporary aggravations of the original condition which might be expected in this type of injury.

 A motion for directed verdict raises the question whether there is any substantial evidence to take the case to the jury. A question for the jury is present when fair-minded men may differ as to the conclusions of fact to be drawn from the evidence. If reasonable men might reach different conclusions from the evidence, a motion for a directed verdict should be denied, but if no reasonable man could reach a verdict for the adverse party, the motion should be granted. 2 Barron & Holtzoff, Federal Practice and Procedure (1950), Sec. 1075 et seq. Questions of causation frequently involve conflicting medical testimony that must be resolved by a jury. Fair-minded men could differ as to the conclusions to be drawn from the evidence on this issue, since there was substantial evidence on both sides. Thus the question properly went to the jury. Defendant's motion for judgment or new trial on this ground will be denied.

As its third ground for new trial, defendant maintains that the court erred in overruling defendant's objections to the charge, predicated on the grounds that the charge could be construed by the jury to refer to physical incapacity of plaintiff and not to incapacity of plaintiff to earn wages; that the charge did not include an affirmative instruction that incapacity of defendant was compensable only insofar as it reduced his average weekly wage-earning capacity below his average weekly wages before the accident; and that the charge did not include a special interrogatory inquiring of plaintiff's average weekly wage-earning capacity during the period of his alleged incapacity.

As indicated in its discussion of defendant's first ground for judgment or new trial, the court does not consider the Gloff case to be entirely consistent or persuasive on the interpretation of Section 11. Rather, the court believes that the jury is entitled to consider evidence of physical incapacity along with evidence of wage-earning capacity subsequent to injury in determining the question of incapacity. Since plaintiff's wage-earning capacity would only be evidentiary and not conclusive on the question of incapacity, it would not have been proper to grant defendant's instructions and interrogatory. Defendant's motion for judgment or new trial on this ground will be denied.

 As its fourth ground for new trial, defendant maintains that the court erred in not submitting any interrogatories inquiring whether the incapacity of plaintiff resulted solely from the other injuries sustained by plaintiff or whether any incapacity to work and earn wages was caused by a disabling condition, such as addiction to drinking. Special Interrogatory No. 1, submitted to the jury, inquired whether the injury sustained by plaintiff was a producing cause of any incapacity to perform the usual tasks of a workman. This initial question covered the issue of causation which is an essential element of plaintiff's cause of

action. Defendant's proposed interrogatories would inquire whether plaintiff's alleged incapacity was caused by other possible causes, which would merely state the converse of Special Interrogatory No. 1. This court was not under a duty to submit the proposed interrogatories to the jury under F.R.Civ.Proc. Rule 49 (a), 28 U.S.C.A. Only ultimate questions of fact raised by the pleadings and evidence, which are important to the judgment, may be submitted to the jury for determination by special verdict. Numerous evidentiary issues should not be submitted where they merely restate, elaborate, or confirm the jury's decision on controlling issues. In this case a definite answer by the jury to Special Interrogatory No. 1 would render unnecessary the interrogatories proposed by defendant. Defendant's motion for judgment or new trial on this ground will be denied.

■ As its fifth ground for new trial, defendant maintains that its substantial rights were materially affected by the presence of jurors on the jury who failed to disclose claims and back complaints on voir dire, though they were specifically asked about these matters. Plaintiff contends that the mere fact of a similar complaint and/or a prior claim is not prima facie evidence that the rights of defendant have been prejudiced and that there must be an affirmative showing of injury by the complaining party. In personal injury actions, such as the present case, the rule has been well stated in Consolidated Gas & Equipment Co. of America v. Carver, 10 Cir., 1958, 257 F.2d 111:

"* * * the act of a juror in the course of his voir dire examination in innocently or inadvertently giving or withholding insignificant information in respect to claims or actions for damages by or against himself or his immediate relatives, though false, does not require the granting of a new trial *unless the unsuccessful litigant was prejudiced in his case.*" (Emphasis added.) Carver, supra, at page 115.

In the Carver case the court distinguished cases supporting this rule on grounds that in those cases the claim or action was remote in time with no indication that the juror was likely still to be influenced thereby; that the asserted damage was insignificant; that the amount paid was trifling; and that a claim agent appeared without invitation, sought a release from liability, and paid a nominal amount therefor. The facts in the Carver case however involved a recent injury in which an action was pending; negotiations for settlement were underway; and the claim asserted by the juror was not nominal in amount. These circumstances apparently were sufficient to convince the court that the effect of the silence of the juror was to deceive and mislead the court and the litigants in respect of his competency. Because the litigants were denied their right of challenge and in view of the "possibility and even probability" that the juror would be subject to some degree to the extraneous influence of his own injury and the pendency of his own action, the court held that he was not a competent juror. For this reason relief from the judgment was granted. It seems clear that the court considered the circumstances surrounding the juror's pending claim so prejudicial that the unsuccessful litigant was not required to show that the juror's incompetency had had any substantial effect on the verdict.

■ There has been no showing of prejudicial circumstances or any details of the back complaints or prior claims on which defendant would challenge the competency of the jurors, nor has there been any indication that defendant was prejudiced in his case. For this reason the court endorses the language and logic expressed in Orenberg v. Thecker, 1944, 79 U.S.App.D.C. 149, 143 F.2d 375, in which the philosophy underlying the security of verdicts solemnly made and publicly returned is clearly stated. Defendant's motion for judgment or new trial on this ground will be denied.

As its sixth ground for new trial, defendant maintains that the jury in effect

was returning a general verdict, based on allegedly immaterial matter, rather than framing answers to the special interrogatories, based on the evidence and the court's instructions. Thus the verdict is alleged not to be responsive to the instructions. It is then claimed that the court told the jury how to answer the interrogatories in line with the result the jury desired to achieve. Defendant even alleges that "the Court's telling the jury how to answer the interrogatories amounted to legal coercion of the jury, causing members of the jury, still undecided as to how each and every interrogatory should be answered, to accept the Court's version of the best way to give '$25.00 for 301 weeks'." Plaintiff contends that it was not improper for the jury to consider the amount of compensation to which plaintiff was entitled, which defendant contends is immaterial; that a special verdict, rather than a general verdict, was returned; and that the court did not coerce the jury or fail to give a special cautionary instruction when inconsistency in its findings appeared.

Upon examining the record the court believes that the situation can be summarized in the following manner. The jury requested that the charge on total and partial incapacity be re-read after it had deliberated for a time. After having the charge re-read to them, the jury retired. It later returned with an inconsistent verdict in which it held that total and partial incapacity had begun on the same date. The court pointed out these inconsistent findings to the jury, instructing them that total and partial incapacity cannot exist at the same time, but not re-reading the charge. To the objection of counsel for defendant that the charge be re-read, the court replied that the charge had been read twice and that there had been no further request from the jury. When the jury returned again, its foreman posed the following question: "Your honor, it is the jury's intent to pay the plaintiff 301 weeks, $25 at 301 weeks. Now, we are confused as to how to word that." The

court then inquired whether the jury intended to provide for some period of partial incapacity following the 301 weeks and whether it was the intention of each member of the jury. The foreman replied in the affirmative. The court then instructed the jury concerning the way in which the special interrogatories should be answered in order to achieve the result of finding total incapacity for 301 weeks and of finding no partial incapacity. If its intention was as expressed, the court ordered the jury to withdraw and fill in the blanks as instructed. Counsel for defendant then objected and moved for a mistrial.

■ It is submitted that the jury properly answered the special interrogatories and did not come to a general verdict. The tendency of a jury to consider broadly the rights and liabilities of the parties cannot be eliminated, even in special verdict practice. It seems to the court that this is what happened. After experiencing difficulty in understanding the charge, the jury became confused about what result could be found, thereby producing the first inconsistent verdict. After further instruction and deliberation the jury experienced difficulty in expressing the verdict at which it had arrived. The court determined what the conclusions of the jury were on the issues presented by the special interrogatories, instructed the jury on how to fill out the form in the only manner consistent with those conclusions, and ordered the jury to retire and fill out the form in that manner, if the jury's finding was as it had expressed it. These supplementary instructions were given within the discretionary power of the court to assist the jury in expressing its findings. It cannot be said that the court influenced the jury's conclusions in any way or that the jury failed to reach conclusions based upon the evidence and instructions of the court. Defendant's motion for judgment or new trial on this ground will be denied.

The clerk will notify counsel to draft and submit appropriate order.