Faye Gibson McGUFFEY, and husband H. G. McGuffey, and Mary L. Lowry, Appellants,

v.

PAYNE PRODUCE CO., Inc., et al., Appellees.

No. 20460.

United States Court of Appeals Fifth Circuit.

Jan. 10, 1964.

* Judge CLARK heard oral argument and participated in the decision in this case, voting to affirm. He died before the opinion was written.

Gay Brinson, Jr., Houston, Tex., for appellants.

Henry P. Giessel, Don Weitinger, Houston, Tex., for appellees.

Before HUTCHESON and BROWN, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM:

The appellants were plaintiffs below in a diversity personal injury action culminating in a general jury verdict for the defendants, appellees here. The single question for review is claimed error by the trial judge in denying post-trial Motion for Mistrial upon the ground that one of the trial jurors failed to give complete and truthful answers to questions by the trial judge on voir dire.

The questions on voir dire included the following:

> THE COURT: "* * * The Plaintiffs are represented in the prosecution of this suit by Gay Brinson, Jr. Will you please rise, Mr. Brinson?
>
> "Do any of you know Mr. Brinson, the gentleman who is now standing?
>
> "Do any of you know Mr. Horace F. Brown, with whom Mr. Brinson is associated in the practice of law?" (Page 3 Voir Dire Examination)
>
> "* * * I will ask if any of you have ever been defendants in a suit for personal injuries, or if your Managing Personnel in a Company has been sued for personal injuries? If so, will you please rise?
>
> "I will ask if any of you know of any reason why you can not sit as a fair and impartial juror in the trial of this case? If so, will you please rise?" (Page 8 Voir Dire Examination)

to each of which questions, the venireman Hargrave, who later became foreman of the trial jury, remained silent.

After verdict but before entry of judgment, plaintiffs' trial attorney learned that this juror was defendant in a pending state court suit also brought by the plaintiffs' attorneys. Three weeks before the trial the juror's minor son was driving an automobile belonging to the juror Hargrave, which was involved in an accident. Ten or twelve days before trial the juror had received from Plaintiffs' attorneys a letter notifying him that they represented several persons injured in the automobile accident involving Hargrave's son and automobile, and advising him further that failing an early and a satisfactory settlement by Hargrave or his insurance company, suit would be instituted without further notice. This letter was signed Horace F. Brown, who practiced under the style of "Law Offices of Horace F. Brown". The trial attorney here, Gay Brinson, Jr. and one other attorney were associates of this office.

Mr. Brinson handled the trial in our case throughout, Mr. Brown being engaged in another trial in another court until after the verdict in the instant case. Shortly after receiving the letter Mr. Hargrave sent it to his liability insurance carrier, and had foregotten the names of the attorneys on the letter when he appeared to serve as a juror in this case. Suit had actually been commenced against Hargrave when he was called into the jury box in the McGuffey case, but the suit papers had not been served upon him. They were not served until the day after the conclusion of the McGuffey trial. Both Mr. Brown and Mr. Brinson were complete strangers to the juror Hargrave. This state of facts, developed upon an extensive hearing before the trial court, formed the basis for the post-trial motion, the denial of which is complained of here.

Appellant argues vigorously that the case of Consolidated Gas & Equipment Co. v. Carver, 10 Cir., 257 F.2d 111, is controlling. There, a juror, who later became foreman, remained silent when a question was asked on voir dire as to whether any juror had ever sued for personal injuries, or been the defendant in such a suit. Actually the juror was plaintiff in a then pending suit involving similar injuries. On appeal it was held that the possibility that the juror might be extraneously influenced by his own injury and suit rendered him incompetent, and that the effect of his silence was to mislead and deceive court and litigants. The defendant was held entitled to relief from the adverse verdict and judgment.

Here, the trial court carefully examined and distinguished the Consolidated Gas & Equipment Company case, supra, on the basis of the difference in the two factual situations. We think he did so correctly, with scrupulous regard for the plaintiffs' rights. It was fair for the District Court to conclude, as it did, that Hargrave's failure to disclose that he had received a threat of suit, was innocent and inadvertent. Also, viewed narrowly, the questions asked were not so framed as to cover the exact facts present in the juror's understanding, so as to require an affirmative answer. The trial judge concluded, and we agree, that no harmful consequence to the plaintiffs was shown.

The appellants failed in the hearing before the District Court to show that the verdict was or could have been prejudiced by juror Hargrave's innocent failure to recognize the claimed duty to disclose.

The appellants, likewise, fail here to demonstrate to us any prejudicial error committed by the District Court in permitting the adverse verdict to stand. The judgment is

Affirmed.