Turner, J.
 

 In the case of
 
 Winslow
 
 v.
 
 Ohio Bus Line Co.,
 
 148 Ohio St., 101, 73 N. E. (2d), 504, it was held:
 

 “A eause properly appealed to this court is here for the determination of all questions
 
 presented by the record,
 
 other than the weight of the, evidence.
 
 ’.
 
 See, also,
 
 Chicago
 
 Ornamental,
 
 Iron Co.
 
 v.
 
 Rook, Admr.,
 
 93 Ohio St., 152, 112 N. E., 589;
 
 Pettibone
 
 v. McKinnon, 125 Ohio St., 605, 183 N. E., 786;
 
 Couk
 
 v.
 
 Ocean Accident & Guarantee Corp., Ltd.,
 
 138 Ohio St., 110, 33 N. E. (2d), 9.
 

 In the case of
 
 Keesecker, a Minor,
 
 v.
 
 G. M. McKelvey Co.,
 
 141 Ohio St., 162, 47 N. E. (2d), 211, paragraph two of the syllabus reads:
 

 “A case coming from a Court of Appeals to the Supreme Court on its merits is present for determination on all questions presented by the record, but only the particular order or judgment appealed from, or which is immediately involved upon a certification of the record, may properly be reviewed.”
 

 However, the
 
 Keesecker case
 
 involved two separate appeals from the Common Pleas Court in the same case made at different times based on two different Court of Appeals journal entries and our holding was that we would pass only on the errors claimed in respect of the particular- judgment appealed from. In
 
 *442
 
 the instant case there was hut one appeal from, the Common Pleas Court to the Court of Appeals and but one journal entry in each court. However, there were two defendants, one of whom was successful in the Court of Appeals while the other defendant was unsuccessful. In the Court of Appeals (as well as in the trial court) there was but one case, one judgment and one record.
 

 As to Hauserman, Pearson was unsuccessful in both courts. Pearson attempted to appeal the Hauserman feature of the case to this court. Gardner won in the trial court but was unsuccessful in the Court of Appeals. Gardner filed a motion in this court to certify the record, which motion was allowed and the instant merit case resulted.
 

 In the case of
 
 Swetland Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 139 Ohio St., 6, 37 N. E. (2d), 601, it was held in paragraph two of the syllabus:
 

 “When this court overrules a motion to certify a record, no precedent for the decision of later cases by this court is thereby established.” ,
 

 See, also, opinion of Judge Jones in
 
 Village of Brewster
 
 v.
 
 Hill, a Taxpayer,
 
 128 Ohio St., 343, 352, 190 N. E., 766.
 

 It is the opinion of the Chief Justice, Judge Zimmerman and the writer that the overruling of the motion to certify in cause No. 30947 is not a bar to our passing upon all errors assigned in the instant case pursuant to Section 12223-21a, General Code, including the Court of Appeals’ judgment in favor of The Hauserman Company. However, the majority of this court holds otherwise and, therefore, the Hauserman motion to strike should be and hereby is sustained.
 

 Section 12223-21a, General Code, provides in part:
 

 “Assignments of error may be filed on behalf of an appellee which shall be passed upon .by a reviewing
 
 *443
 
 court before a judgment or order is reversed in whole- or in part. * * *”
 

 As to appellee Pearson’s assignment of erpor in respect of the claimed error in the general charge tO' the jury with reference to the issue of contributory negligence: In passing upon Pearson’s motion for new trial the trial judge said:
 

 “The plaintiff in his brief makes the broad statement that the trial court erred in stating to the jury that the burden of proof on the issue of contributory negligence was on the plaintiff. A careful reading of the charge shows conclusively that the court did not so charge and nowhere in the charge will be found the statement that ‘the burden of proof on the issue of contributory negligence is on the plaintiff.’
 

 “Counsel for plaintiff was asked toward the close of the charge whether, he had any suggestions and counsel for the plaintiff suggested nothing further. The court did charge the jury that the plaintiff must at all times have been in the exercise of ordinary care for his own safety and the court charged this two or three times but at no place did the court say that the burden of proving that the plaintiff did not exercise ordinary care for his own safety was upon the plaintiff.”
 

 Coming now to the ground of error set up by the Gardner Cartage Company, Inc., appellant herein: In this respect it is stated in the journal entry of the Court of Appeals:
 

 “As to defendant The Gardner Cartage Company, Inc., the judgment is reversed for misconduct of juror, and remanded for further proceedings.”
 

 No opinion was written by the Court of Appeals but we are advised by counsel that the court followed its earlier decision in the case of
 
 Cleveland Ry. Co.
 
 v.
 
 Myers,
 
 50 Ohio App., 224, 197 N. E., 803, a case which did not reach this court.
 

 
 *444
 
 The claim of misconduct of the jury arises'out of the fact that several jurors, on their
 
 voir dire
 
 examination, failed to disclose the facts in connection with injuries sustained by them or members of their ■families. The trial judge put the following questions to the jurors as a body:
 

 “Have any of you, now, ever made a claim or brought a lawsuit against anybody asking damages for personal injuries? * * *
 

 “Or-have any close members of your family ever made a claim or brought a lawsuit? And I mean by that a claim with the Industrial Commission of Ohio. It doesn’t need to be a lawsuit, just a claim of some kind.
 

 “None of you, or no close members of your family have had that experience? That is an important question. You will think it over carefully and if such an •occurrence occurred to any of you, or to a close member of your family you must make that fact known.
 

 “Now, the exact reverse of that question is equally important. Have any of you ever had a claim made against you or a lawsuit brought against you asking money damages for personal injuries? Or has any close member of your' family ever had a claim made against them, or any one of them, or a lawsuit brought, asking money damages for personal injuries, or making claim for damages for personal injuries, no matter how those injuries may have occurred, whether an automobile accident, slipping on the sidewalk, falling downstairs, a claim against the Industrial Commission?”
 

 Only one juror responded. After questioning him the trial judge said: “Very well. Any otfiers?” To which question no response was made.
 

 Pearson’s counsel then made a combined statement and question covering two and a half pages in the
 
 *445
 
 bill of exceptions in the course of which is to be found the following:
 

 “Now, particularly, is there no one left on the panel who has had the experience of even collecting so much us a $25 bill, either you or your relatives, or your immediate relatives and family, for slipping on a sidewalk or stumbling over something in a store, or walking about?
 

 “As Judge Newcomb says, it is a little bit unusual to find only one record of a claim having been made in a whole panel. Once in a while we have all had the unpleasant experience of trying a case over because some juror forgot to mention'it. That doesn’t mean you are not qualified to sit as jurors, but it does mean that it is important that that fact should be in the record: That’s the only reason I press it a little bit more than might seem otherwise courteous.”
 

 Pearson’s counsel also questioned the jurors Cash-man, Mikula, Meehan and Essick individually, but no specific question respecting prior accidents or claims was asked of either individually.
 

 The record is clear that neither of these jurors supplied any of the information later developed by depositions.
 

 Some time after the jury’s verdict Pearson’s counsel took the depositions of four of the jurors Cashman, Mikula, Meehan and Essick respecting accidents occurring to them or to members of their families. These affidavits were submitted in support of Pearson’s motion for new trial.
 

 The decision of this branch of the case depends upon whether the trial court abused its discretion in overruling Pearson’s motion for new trial on account of misconduct of the juror.
 

 In the case of
 
 Steiner
 
 v. Custer, 137 Ohio St., 448, 31 N. E. (2d), 855, it w;as held in paragraph two of fhe syllabus:
 

 
 *446
 
 “The meaning of the term ‘abuse of discretion’ in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court.”
 

 We think that the question of the abuse of discretion in the instant case can best be judged by a reading of the depositions and the applicable part of the memorandum of the trial judge on the motion for new trial as follows:
 

 “I have carefully read all of the depositions which were taken by counsel for the plaintiff following the discharge of the jury. All save one of the jurors so examined had failed to disclose certain situations in which they were involved in which they were claimants and it is rather an anomalous situation to have counsel for plaintiff complain that these claimants failed to disclose, some accidents which they had had, most of them slight, and all of them some years before. One juror testified that he had had a claim made against him. The reading of the depositions will disclose that even at the time of the taking of the depositions and after having their memory refreshed time and time again, it was in most instances difficult for them to recall the accidents which had occurred to them. A further consideration of the testimony contained in the depositions will disclose no evidence that their failure to answer on the
 
 voir dire
 
 examination was deliberate.
 

 “When jurors are being impaneled in a case many of them are enjoying that experience for the first time and they are not as collected and calm sitting in the jury box as they might be under different conditions, and it would be hard for anyone to conceive that these jurors deliberately fail to remember and disclose these accidents. The ultimate question is whether the parties to the lawsuit have been in any
 
 *447
 
 way prejudiced by the failure of jurors to recall accidents, most of them minor and many of them years after their experience.
 

 “It has become a new form of indoor sport for plaintiffs, and, or, defendants after the rendering of an adverse verdict'to them to start on a quiet search in an effort to discover some failure upon the part of one or more of the jurors to disclose a prior accident which has grown very hazy in their memory.
 

 “It has reached the point where jurors are haled in before a notary public and forced to testify, or where immediately following the verdict one or more of the jurors will be interrogated by counsel even before their service in the court is ended. I have been called at my home by a number of jurors who have asked me whether or not it is necéssary for them to talk to counsel following the rendition of their verdict.
 

 “Jurors are summoned to this court to perform o.ne of the most important but somewhat burdensome duties of their citizenship. The vast majority of jurors come 'to this court in good faith, perform their jury duty fairly and conscientiously, and when their term of service is over, unless they have been guilty of something more than forgetting they fell out of a tree when they were twelve years old, or had a fender on their car scraped years before, they should be left alone and not be harassed and subjected to embarrassment and annoyance. I can testify that by reason of the several calls I have had from jurors that it is doing the jury system much harm by these practices. Somewhere the practice should be stopped and jurors, many of whom make sacrifices to serve as jurors, should be let alone.
 

 “With all due respect to this new philosophical rule which has been foisted upon our jurisprudence, I respectfully urge that the question of any possible prejudice can safely be left to the trial court.
 

 
 *448
 
 “From the reading of the depositions taken in the instant case, I cannot conceive how the failure of these witnesses to report accidents which had occurred to them, could in the least have prejudiced the jury in this case.
 

 “Plaintiff’s motion for a new trial as against the defendant The Gardner Cartage Company, Inc., will be overruled and exceptions noted for the plaintiff.”
 

 Section 11364, General Code, provides:
 

 “In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. .No judgment shall be reversed, or affected, by reason of such error or defect. In the judgment of any reviewing court upon any appeal in any civil action, when it is sought to reverse any final judgment or decree or obtain a new trial upon the issues joined in the pleadings, such reviewing court shall certify on its journal whether or not in its opinion substantial justice has been done the party complaining, as shown by the record of the proceedings and judgment under review. In case such reviewing court shall determine and certify that in its opinion substantial justice has been done to the party complaining as shown by the record, all alleged errors occurring at the trial shall by such reviewing court be deemed not prejudicial to the party complaining and shall be disregarded and such judgment or decree under review shall be affirmed, or it shall be modified if in the opinion of such reviewing court a modification thereof will do more complete justice to the party complaining. In case such reviewing court shall determine and certify that in its ’opinion substantial justice has not been done to the party complaining as shown by the record such reviewing court shall proceed as provided in Section 12223-38 of the General Code.”
 

 
 *449
 
 We recognize the right of a litigant to he informed fully in all pertinent matters pertaining to prospective jurors to the end that challenges may be intelligently exercised on the ground of suspicion of prejudice or peremptorily, but we recognize also that the real question for a reviewing court is whether substantial justice has been done. Whether substantial justice has been done in a cause such as we have before us is a question in the first instance for the trial court in • passing upon a motion for new trial. In other words, the answer rests in the sound discretion of the trial court and where the record discloses' no abuse of such discretion, the' decision of the trial court should be upheld.
 

 We are of the opinion that the trial court did not abuse its discretion in this matter and we endorse what the trial judge said on the subject in the memorandum quoted from above. It does not appear that such action of the trial court was prejudicial to the appellant.
 

 Therefore, the judgment of the Court of Appeals reversing the judgment in favor of the Gardner Cartage Company, Inc., in the trial court should be and hereby is reversed and the judgment of the trial court should be and hereby is affirmed.
 

 Judgment reversed in part and judgment of the Court of Common Pleas affirmed,
 

 Matthias, Hart, Sohngen and Stewart, JJ., concur.
 

 Weygandt, C. J., Turner and Zimmerman, JJ., dissent from paragraph one of the syllabus, but concur in paragraph two of the syllabus, in the opinion and in the judgment.