FIORELLI, PLAINTIFF-APPELLLEE, *v.* YELLOW CAB COMPANY ET, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26021.   Decided April 4, 1963.

*Messrs. Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson*, for plaintiff-appellee.

*Messrs. Burke, Haber & Berick*, for defendant-appellant.

HURD, P. J. This is an appeal on questions of law from a judgment in favor of plaintiff-appellee rendered on the verdict of a jury in the sum of seventeen hundred eighty-three dollars and eighty-five cents ($1783.85) for injuries sustained while alighting from a taxicab of the defendant-appellant. The parties hereinafter will be designated as plaintiff and defendant as they appeared in the trial court.

The parties are not in agreement as to the facts, but for the purposes of this opinion an extended recitation thereof is not necessary. Suffice it to say that the plaintiff was injured on the 11th day of August, 1958, while alighting from the taxicab of the defendant in front of her daughter's home at 10011 Gay Avenue, Cleveland, Ohio. She had previously boarded the cab at her own residence at 1990 East 120 Street, Cleveland, Ohio. According to her testimony, her injuries were sustained because of the negligence of the taxi driver who started the cab too soon, causing the door thereof to be slammed shut on her thumb, thus injuring her while she was still attempting to take her bag from the seat of the cab. On the other hand, the defendant, while admitting that plaintiff sustained injury, contends that the same was due solely to her own negligence.

There are eight assignments of error as follows:

"1. The Court erred in overruling defendant's motion for a directed verdict made at the close of plaintiff's case and renewed at the close of all the evidence.

"2. The Court erred in refusing to charge the jury as requested by defendant in writing before argument.

"3. The Court erred in its general charge to the jury.

"4. The Court erred in refusing defendant's request to charge as a part of its general charge.

"5. The verdict of the jury is against the manifest weight of the evidence and is not supported by sufficient evidence.

"6. The Court erred in its instructions to the jury in answer to the questions propounded by the jury during its deliberations.

"7. The Court erred in overruling defendant's motion for new trial based upon misconduct of a juror which constituted an abuse of the Court's discretion.

"8. Other errors apparent upon the face of the record which deprived defendant from having a fair trial."

Referring to assignment of error No. 3, defendant complains that the trial Judge erred in his general charge to the jury when he stated that the defendant *contends* that injury was caused by the *contributory* negligence of the plaintiff as a passenger in the cab. The statement of the court in respect to defendant's contention was not correct inasmuch as the defendant actually contended that the accident and resulting injury to the plaintiff was due entirely to her own negligence. In our view of the record this was the principal contention of the defendant and the jury should have been instructed accordingly. Failure so to do constituted prejudicial error. The fact that the trial Judge charged on contributory negligence did not cure this error. Consequently, assignment of error No. 3 must be sustained.

Referring to assignment of error No. 4, the record shows that the trial Judge before concluding his charge to the jury asked whether either the plaintiff or the defendant had anything further upon which they wished the court to charge. The defendant responded with a request that the court charge that if the plaintiff alighted from the standing taxicab and while the cab was standing still she herself closed the door upon her thumb entirely without any fault on the part of the driver of the cab, then the jury should render a verdict for the defendant.

We have examined the charge of the court carefully and fail to find in the charge a direct instruction to that effect. We think it was the duty of the trial Judge to comply with this request, and that failure so to do constituted prejudicial error. See *Baltimore & Ohio Railroad Co.* v. *Lockwood*, 72 Ohio St., 586; 74 N. E., 1071; *Telinde* v. *Ohio Traction Co.*, 109 Ohio St., 125; 141 N. E., 673. See also, 53 Ohio Jurisprudence (2d), 163, Trial, Section 252; and 53 American Jurisprudence, 487, Trial, Section 626.

Referring to assignment of error No. 6 to the effect that the court erred in its instructions to the jury in answer to the questions propounded by the jury during its deliberation, the record shows that after the jury retired to begin its deliberations, in the mid-afternoon of the following day, the jury sent a note to the trial Judge requesting instructions as to how it should proceed since it could not reach a verdict because it was split on its vote seven to five in favor of the plaintiff. The note indicated to the trial Judge that the jury had voted seven to five on each of the special written instructions submitted to it. The court, in an effort to explain to the jury the purpose of the special instructions and their relation to the general charge, stated in part:

"Now, with that further explanation that the law is not confined to those four charges, but those four charges are only part of the law and must be considered in light and together with the general charge of the Court, do you feel that that would be a basis for your further deliberating in order to try to reach a verdict in this case?"

In our opinion, this construction was erroneous because it indicated to the jury that the special instructions submitted by him were only part of the charge whereas said special written instructions together with general instructions before argument constituted the law of the case. In substance, the trial court's remarks were susceptible of an interpretation by the jury that they could in effect ignore the special charges and could determine the issues on the general charge alone. In addition, the trial Judge should not have offered the jury a choice as to further deliberating but should have directed them to resume their deliberation.

Referring to assignment of error No. 7 concerning the misconduct of one juror, it appears that this certain juror remained silent in answer to general questions as to whether or not any of the members of the jury had any accident history or whether or not the members of their families or relatives by blood or marriage had ever been involved in any kind of an accident at any time, either as plaintiff or defendant, although there may not have been a lawsuit. In answer to this question, the particular juror remained silent and never revealed that she had any kind of accident experience whatsoever. The fact developed that she had had an accident on May 7, 1961, eight months before the trial; that she had had emergency hospital treatment and thereafter medical treatment; that she had been interviewed by a representative of an insurance company about her accident and her injuries, and that on or about November 1, 1961, she retained an attorney to represent her in her claim for personal injuries, which claim was still pending at the time of the trial of this case. This certain juror did not present any valid explanation for her failure to disclose this accident experience which was in fact a current injury claim at the time she sat as a juror. Her only excuse was that she did not think this concerned the defendant or that there was any connection between her accident and the cause in which she sat as a juror. This in spite of the fact that the jurors had been sworn before examination to tell the truth concerning questions put to them, and it was the positive duty of the juror in question to have revealed her part in her accident and her claim with respect thereto.

It is the view of the members of this court that the trial Judge erred in not granting a new trial due to the failure of the juror aforementioned to reveal her status as a claimant for a personal injury claim then pending, which considered in relation to the other errors in the record, constituted an abuse of discretion by the court, particularly in view of the fact that the prospective jurors had been placed under oath before the voir dire examination. It appears from the record that the court directed his question to the jurors respecting accident experience, as did counsel for the plaintiff and counsel for the defendant. Paragraph four of the syllabus of *Maggio* v. *City of Cleveland*, 151 Ohio St., 136, 84 N. E. (2d), 912, states:

"Where, in an action to recover damages for personal injuries, prospective jurors on voir dire examination remain silent or answer in the negative, when questioned on the subject of accidents or mishaps to themselves or to members of their immediate families and as to claims made or actions brought with respect thereto, and become jurors in the case without making disclosure of such incidents, and where the trial court overrules a motion for a new trial grounded on the misconduct of such jurors, the question for determination by a reviewing court on appeal is whether the trial court is chargeable with an abuse of discretion which resulted in a denial of substantial justice to the party complaining. (Second paragraph of the syllabus in *Pearson* v. *Gardner Cartage Co., Inc.*, 148 Ohio St., 425, approved and followed.)

See Paragraph five of this same case also. See *Pearson* v. *Gardner Cartage Co., Inc.*, 148 Ohio St., 425, 76 N. E. (2d), 67.

The last and final ground of error is, in our opinion, the submission to the jury by the court of plaintiff's second specification of negligence, namely, "in failing to assist plaintiff to get out of the taxicab." The evidence, including the testimony of the plaintiff, indicated that she had no difficulty in getting out of the cab and that therefore when the defendant moved to strike plaintiff's second specification of negligence and the trial Judge overruled the same, error was thereby committed. The evidence is clear that the failure of the driver to open the door for the plaintiff under the circumstances of the instant case was not the proximate cause of plaintiff's injury.

The court over objection allowed testimony as to a company rule that the drivers should always get out and open the door for passengers. In our opinion, it was error under the circumstances of this case to admit this evidence over objection since there was no evidence indicating that the failure of defendant's driver to open the door for the plaintiff had any relation to plaintiff's injury.

We have considered the other claimed errors and have determined that they are not well taken, by reason of which the same are therefore overruled.

A review of this case shows that the evidence was conflicting as to what happened, the defendant's driver testifying in

one respect and the plaintiff, assisted by corroborative testimony, testifying in another respect. The evidence therefore presented a question for the jury to determine the issues under proper instructions from the court and were it not for the errors indicated above, this court would be inclined to affirm the judgment. However, in face of the errors which have been discussed, which we consider prejudicial, the judgment must be reversed and the cause remanded for further proceedings according to law.

Judgment accordingly.

Exceptions. Order see journal.

ARTL and CORRIGAN, JJ., concur.