RUSSELL, Judge.
This is an appeal from the denial of a motion for new trial.
This case originated as an action for wrongful death. Following a trial on the merits, a jury returned a verdict in favor of the appellant in the amount of $10,000. Citing alleged juror misconduct, the appellant filed a motion for new trial. An ore tenus hearing was conducted on that motion, which was subsequently denied. This appeal followed. We reverse.
The alleged juror misconduct consisted of the jury foreman's independent examination of the accident scene without authority from the court or the consent of the parties. It is undisputed that the jurors in this case discussed the foreman’s observations in the course of their deliberations. Furthermore, this same juror failed to respond during voir dire when he and other members of the venire were asked whether any members of their families were either presently or formerly employed as truck drivers.
Initially, we note that the findings of a trial court based on evidence presented ore tenus are presumed correct and will not be disturbed unless shown to be plainly and palpably wrong or manifestly unjust. Burroughs Corp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala.1982). Additionally, in order for the trial court’s denial of the motion for new trial to constitute reversible error, the impropriety of a juror’s misconduct must be such as to indicate bias or corruption, or the misconduct must affect the verdict, or extraneous facts must be such that prejudice may be presumed as a matter of law. Whitten v. Allstate Insurance Co., 447 So.2d 655 (Ala.1984).
At a hearing on the motion for new trial, the foreman testified that he reported to the jury what he had viewed at the accident scene and “the conclusions that [he] had come to based on that.” We find that such testimony, when coupled with the fact that the foreman’s actions were unauthorized, indicates a distinct possibility that the conclusions he reached as a result of his actions were different from those he would have reached based on the evidence presented at trial. City of Tuskegee v. Taylor, 519 So.2d 472 (Ala.1987). Therefore, it was plain and palpable error for the trial court to deny the appellant’s motion for new trial.
As a result of the above finding, we pretermit a discussion of the appellant’s remaining issue as unnecessary. This case is due to be reversed and remanded with *976 instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.