**McDONALD, Appellant,**

v.

**CITY OF AKRON, Appellee.**

[Cite as *McDonald v. Akron* (1993), 86 Ohio App.3d 209.]

Court of Appeals of Ohio,
Summit County.

No. 15710.

Decided Feb. 3, 1993.

*William B. Hewitt,* for appellant.

*Bruce H. Christenson, Jr.,* Assistant Director of Law, for appellee.

Reece, Judge.

On December 28, 1987, plaintiff-appellant, Eloise McDonald, was involved in a multiple-car accident. As a result of the accident, McDonald suffered serious injuries. McDonald settled the claims with the other drivers.

McDonald filed suit against defendant-appellee, the city of Akron, alleging that a traffic signal at the intersection where the accident occurred malfunctioned. McDonald further alleged that the city had notice of the malfunction and failed to correct it. The city responded and denied that it had notice of the problem, if there were in fact a malfunction.

The case was tried to a jury. During the trial, three jurors visited the scene of the accident, and then discussed the scene with the other jurors. The court learned of this during jury deliberations. The court questioned the jurors regarding whether they would be able to reach a verdict based only upon the evidence introduced at trial, even though the jurors had discussed the scene. No juror indicated that he could not reach a verdict based only on the evidence introduced at trial. The trial court also delivered a curative instruction. Following further deliberations, the jury returned a verdict for appellee.

Appellant appeals, asserting three assignments of error. We affirm.

## Assignments of Error

"I. The trial court erred in overruling plaintiff's motion for mistrial.

"II. The trial court erred in granting judgment on jury verdict in favor of defendant.

"III. The trial court erred in overruling plaintiff's motion for new trial."

Appellant asserts in his three assignments of error that the trial court erred and the judgment should be reversed. McDonald presented only one argument in support of these three assignments of error; that argument relates to alleged jury misconduct. Therefore, we will consider the assignments of error together.

The Supreme Court of Ohio has considered the effect of jury misconduct on proceedings. In *Armleder v. Lieberman* (1877), 33 Ohio St. 77, paragraph one of the syllabus, the court held:

"Where there has been irregularity or misconduct on the part of the jury, which might affect its judgment, or improperly influence the verdict, a new trial should be granted. Where, however, it clearly appears that no improper effect could arise from the alleged misconduct, the verdict should stand."

The question, therefore, is whether the misconduct could have an improper effect on the verdict. After reviewing the record, we find that it did not.

■ The jurors in the case at bar told the judge that several of them had visited the scene of the accident. Of the jurors who travelled through the intersection, only one of them was not travelling his normal route home. The judge questioned the jurors concerning how this information affected their decision in reaching a verdict. The responses from the jurors who viewed the scene stated only that the view clarified the drawing made by the attorneys during the trial. No juror indicated that the view in any way affected the decision as to whether the traffic light did or did not malfunction on the day in question, the material fact in question. The trial court instructed the jury that the questions before them were whether the traffic light malfunctioned and whether the city had notice of any malfunction.

■ The misconduct of the jurors did not touch upon a material issue to the proceeding. Where it clearly appears that no improper effect could arise as a result of the misconduct, the verdict should stand. In the case at bar, it clearly appears that no improper effect could result from the misconduct. The jurors who did visit the scene testified only that it clarified the layout of the intersection and surrounding landscape. This information was not relevant to the material questions before the jury, and this information clearly would not create an improper effect in reaching a verdict. Therefore, we find that the trial court properly denied appellant's motions. The first, second, and third assignments of error are not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and COOK, J., concur.