2005 OK CIV APP 73

**Peggy CRANE, Plaintiff/Appellant,**

v.

**Bob NUTTLE and Farmers Insurance Company, Inc., Defendant/Appellees.**

**No. 99,897.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 30, 2005.

Carol Seacat, Dennis F. Seacat, Seacat & Seacat, Okmulgee, OK, for Plaintiff/Appellant.

A. Mark Smiling, Jane R. Cowdery, The Smiling Law Firm, Tulsa, OK, for Defendant/Appellee Bob Nuttle.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶ 1 The parties' pick-up trucks were involved in a collision in the City of Okmulgee, Oklahoma. Peggy Crane sued for damages and after trial, a jury returned a verdict finding her 50% liable and awarding her $269.13, or half of the damages it found she proved. Crane moved for a new trial on the grounds of juror misconduct and that the

damage award was not supported by sufficient evidence. The trial court denied the motion for new trial. We reverse because the trial court should have held an evidentiary hearing with respect to the allegation of juror misconduct before ruling on the motion for new trial.

¶ 2 The accident happened at the intersection of 8th Street and Delaware Avenue August 10, 2001. Crane testified that she was traveling westbound in the inner lane of 8th Street with a bus on her right. She did not see Bob Nuttle at a stop sign at Delaware. Nuttle testified that the bus slowed to turn right onto Delaware, but would have difficulty making that turn because he was there. Having seen a vehicle further behind the bus, and believing the street clear, Nuttle entered the intersection. Crane was unable to stop before colliding with Nuttle. Crane had a teen-age son in her pick-up with her. He did not claim to be injured, but Crane later sought medical treatment. Nuttle had an adult daughter as a passenger in his pick-up with him. Neither of them claimed injuries.

¶ 3 "The standard of review of a trial court's decision denying a motion for new trial is clear—'A trial court is vested with broad legal discretion in granting or denying new trial, and unless it clearly appears that the trial court erred in some pure simple question of law or acted arbitrarily, its judgment will not be disturbed on appeal.'" *Stade v. Bodycote Thermal Processing, Inc.,* 2004 OK CIV APP 70, ¶ 3, 99 P.3d 733, 734, citing *Dominion Bank of Middle Tenn. v. Masterson,* 1996 OK 99, 928 P.2d 291.

¶ 4 Both parties used a visual aid of the accident site during the trial. There was no representation that it was to scale. Crane's lawyer stated, while using the visual aid during opening argument: "And if some of you are familiar with 8th Street, there are some stoplights on 8th Street, but they're further west than this intersection."

¶ 5 Crane, in support of her Motion for New Trial, presented this affidavit to the Court:

[Juror's name], of lawful age, and being first duly sworn upon oath, depose and state:

1. I served as a juror in the trial of the above captioned case.

2. During the jury deliberations, three (3) of the male jurors stated that they had individually gone out to the accident scene to determine how the accident could have happened.

3. They stated that, based upon their observations at the accident scene, the accident could not have happened the way the Plaintiff said it did.

Further Affiant sayeth not.

Dated this 22 day of May, 2003.

S/_____

¶ 6 Affidavits, depositions, and oral testimony of jurors may not be used to impeach a verdict. *Oxley v. City of Tulsa,* 1989 OK 166, 794 P.2d 742. However, "[t]itle 12 O.S.1981 § 2606(B) authorizes jurors to *testify* regarding allegations of misconduct."[1] *Id.* (Emphasis added). 12 O.S.2001 § 2606(B) states, in part:

> A juror may testify on the question whether *extraneous prejudicial information* was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. (Emphasis added.)

¶ 7 The juror's affidavit, stating that three jurors (the original interlineates "2") went to the accident scene to see how the accident could have happened, is sufficient to raise the claim that jurors were using extraneous information. The affidavit further stated that the jurors used this extraneous information to form the belief that the accident could not have happened the way Plaintiff said it did.

¶ 8 In *Matthews v. State,* 2002 OK CR 16, 45 P.3d 907, Matthews alleged juror misconduct and moved for a new trial. In that case, the trial court held hearings in which all jurors were examined as well as other witnesses. The extraneous information concerned improper communications. Jurors testified that the communications had no effect on the verdict. The trial court found that although there had been a violation of the admonition, no juror misconduct had tak-

en place. The Oklahoma Court of Criminal Appeals affirmed and stated the standard of review of the trial court's findings of fact when determining the extraneous information: "Because this juror misconduct issue was litigated and involves the factual issues of whether there were improper communications that resulted in the jury considering extraneous information in rendering its verdict, we defer to the trial court's ruling unless it is clearly erroneous." *Id.* at ¶ 3, p. 912.

¶ 9 The facts in *Nesmith v. Bowen Development,* 564 So.2d 974 (Ala.Civ.App.1990) are very similar to those in the case at bar. In *Nesmith,* the jury foreman visited the scene of the accident and reported to the jury what he saw as well as the conclusions he reached during their deliberations. He testified to these actions at the hearing on motion for new trial. The Alabama court found that it was error for the trial court to deny the motion for new trial because there was a "... distinct possibility that the conclusions he reached as a result of his actions were different from those he would have reached based on the evidence presented at trial." *Id.* at 975.

¶ 10 Not every affidavit alleging juror misconduct would necessarily require the trial court conduct a hearing to allow the aggrieved party to attempt to prove its case. For instance, in *McDonald v. City of Akron,* 86 Ohio App.3d 209, 620 N.E.2d 230 (1993), jurors visited a scene of an auto accident without authorization. In that case, however, their testimony showed that they only wanted clarification of the layout and landscape. The issues at trial concerned whether the traffic light malfunctioned and whether the City had notice of the malfunction. No prejudice was shown. In *McDonald,* the trial court questioned the jurors about whether what they did affected their decision. The appellate court held "[t]he misconduct of the jurors did not touch upon a material issue to the proceedings. Where it clearly appears that no improper effect could arise as a

---

1. There are no differences for our purposes in the law as amended in 2002 nor as it existed at the time of the accident.

result of the misconduct, the verdict should stand." *Id* at 231. If an affidavit reveals that the extraneous information was not material to the issues to be decided, then no further proceedings are warranted.

¶ 11 In the case at hand, however, the affidavit alleged all the elements of our law with respect to one type of misconduct relating to reaching a verdict to which a juror may testify: extraneous, prejudicial information, improperly brought to the jury's attention. The trial court's decision not to explore the facts behind these allegations was an abuse of discretion. We remand for a fact-finding hearing. Crane, as the party suggesting misconduct, bears the burden of showing that the verdict was in fact affected by the misconduct, if it did occur, and Nuttle has the right to cross examine and defend.[2]

■ ¶ 12 Crane also contends that the trial court erred in denying her motion for new trial on the ground the damages award was not supported by sufficient evidence. On this question, however, we find that the jury's verdict was based on sufficient evidence and the trial court did not abuse its discretion in denying the motion for new trial. The jury awarded Crane medical expenses related directly to those incurred on or near the date of the accident which occurred August 10, 2001: Okmulgee Memorial Hospital, 08/10/01–$45.25; Medtrust Healthcare Services, 08/10/01–$158.00; Creek Nation Community Hospital, 08/10/01, $225.00; and Sandford Family Medicine, 08/10/01–$110.00. The total of these medical expenses is $538.25 and half of that is what Crane was awarded because that was the quantum of her negligence as found by the jury. Several hours after the accident, Crane visited the Okmulgee Memorial Hospital emergency room. After that she visited the Creek Nation Community Hospital. The other medical evidence and expenses she submitted to the jury occurred after September 27, 2001 and included such items as MRI's on her neck, lower back, and shoulder (rotator cuff); shoulder and knee consultations; and neurology consultation. There was presented countervailing evidence that these were pre-existing conditions not aggravated by the accident. The jury resolved the factual issues and there is competent evidence to support the damages found by the jury. The trial court did not abuse its discretion in denying the motion for new trial with respect to the damages issue.

¶ 13 While we find no error in denying a new trial based on insufficient evidence regarding damages, we REVERSE and REMAND with directions to proceed in a manner consistent with this opinion. Should the trial court determine that there was juror misconduct, then a new trial would be warranted on all issues, and the issue regarding adequacy of damages would become moot.

HANSEN, J., and JOPLIN, P.J., concur.

2. We note that jurors in this case may have had general information about the accident site. It is suggested that it is not far from the courthouse in Okmulgee. The trial court should consider whether the "view" differed from the evidence used at trial and whether the deliberations were based upon the diagrams and testimony as opposed to juror opinion or conclusions based on the "view." As noted in § 2606(B), the extraneous information must be prejudicial.