[Cite as *Burton v. Unifirst Corp.*, 2013-Ohio-2330.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98876

# WILLIAM BURTON

PLAINTIFF-APPELLANT

vs.

# UNIFIRST CORPORATION, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-760136

**BEFORE:**    Blackmon, J., Boyle, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**      June 6, 2013

**ATTORNEYS FOR APPELLANT**

Matthew D. Besser
Cathleen M. Bolek
Bolek Besser Glesius, L.L.C.
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124

**ATTORNEYS FOR APPELLEES**

James M. Stone
Michelle T. Hackim
Jeffrey Keiper
Jackson Lewis, L.L.P.
6100 Oak Tree Blvd., Suite 400
Cleveland, Ohio 44131

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant William Burton ("Burton") appeals the trial court's denial of his motion for a new trial and assigns the following error for our review:

**I.  The trial court erred by denying plaintiff-appellant's motion for a new trial due to juror misconduct.**

**{¶2}** Having reviewed the record and pertinent law, we reverse the trial court's decision and remand for a new trial.   The apposite facts follow.

## Facts

**{¶3}** Burton brought an age discrimination suit against Unifirst Corporation ("Unifirst").  The matter proceeded to trial, and the jury returned a six-to-two verdict in favor of Unifirst.  Approximately one week after the trial, Burton filed a motion for a new trial based on alleged juror misconduct by Juror No. 1, who was the foreman of the jury.  According to Burton, the juror committed perjury during voir dire when he stated that he had never been sued before.   The record revealed the following colloquy.

> **COURT:**   **Now have you been involved in any kind of pending litigation or any kind of litigation whatsoever?**
>
> **JUROR:**   **None.   I'm proud to say in 33 years of practice I've never been sued for malpractice.** Tr. 4.

**{¶4}** The following colloquy also occurred between Burton's counsel and the juror:

**COUNSEL:** Juror No. 1, do you hear throughout the hospital about doctors who are sued by patients?

**JUROR:** Sure. It's an inevitable consequence of being a doctor.

**COUNSEL:** Concern for you?

**JUROR:** Well, sure. Absolutely. I've been fortunate never to have been sued, but I feel badly for the doctors who have to go through that trauma irrespective of whether they've done something wrong.

**COUNSEL:** In your experience, sometimes those cases have merit, sometimes they don't?

**JUROR:** Absolutely.

**COUNSEL:** And I assume you feel badly for the patients who have the cases that have merit, right?

**JUROR:** Absolutely. I've done consultation work for plaintiffs and defendants. I call them as I see them. Tr. 4-5.

**{¶5}** After the trial concluded, Burton discovered that the juror had been named in three medical malpractice lawsuits over the past 19 years.[1] In all of the cases, the juror was one of numerous doctors listed on the complaint. In the first case, he was one of 11 defendants; in the second case, he was one of 20 doctors, and; in the most recent case, he was one of 56 defendants. All of the cases were voluntarily dismissed; however, the juror had filed an answer in each of the cases.

**{¶6}** The trial court denied Burton's motion for a new trial and stated in its journal entry in part:

---

[1]There were actually four lawsuits, but one was a refiled lawsuit.

**[T]he Court, Plaintiff, and Defendant all asked Juror No. 1 numerous questions directed to disclose bias. Juror No. 1 repeatedly affirmed his ability to view the facts as presented and to follow the law as instructed by the Court. There is no indication that his inclusion as one of many defendants in other litigation, none of which resulted in a judgment against him, created any bias against plaintiffs in general or plaintiffs in age discrimination cases in specific.**

**As the Supreme Court has repeatedly held: "[a litigant] is entitled to a fair trial but not a perfect one, for there are no perfect trials."** Judgment Entry, Aug. 1, 2012.

## Motion for a New Trial

{¶7} In his sole assigned error, Burton argues the trial court erred by denying his motion for a new trial.

{¶8} A trial court's decision to deny a motion for a new trial should not be reversed unless the trial court abused its discretion. *Apaydin v. Cleveland Clinic Found.*, 105 Ohio App.3d 149, 152, 663 N.E.2d 745 (8th Dist.1995). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} We conclude the trial court abused its discretion. There was obviously a conflict between the juror's assertion that he could be unbiased and the juror's failure to reveal that he had been previously sued several times, which could have caused him to be biased in favor of the defendant. The trial court failed to request testimony by the juror post-trial explaining why he failed to reveal that he had been sued several times previously. Additionally, no hearing was conducted where the trial court could explore the juror's motive in failing to answer honestly the questions regarding his prior

involvement in litigation. Therefore, because the trial court's decision was based on what transpired during voir dire, with no opportunity to question the juror about his dishonesty, the court should have granted the motion for a new trial.

{¶10} Additionally, the Ohio Supreme Court in *Grundy v. Dhillon*, 120 Ohio St.3d 415, 2008-Ohio-6324, 900 N.E.2d 153, held as follows regarding the granting of a new trial based on juror misconduct:

> **To obtain a new trial in a case in which a juror has not disclosed information during voir dire, the moving party must first demonstrate that a juror failed to answer honestly a material question on voir dire and that the moving party was prejudiced by the presence on the trial jury of a juror who failed to disclose material information. To demonstrate prejudice, the moving party must show that an accurate response from the juror would have provided a valid basis for a for-cause challenge. (*Pearson v. Gardner Cartage Co., Inc*. (1947), 148 Ohio St. 425, 36 O.O. 77, 76 N.E.2d 67, paragraph two of the syllabus, and *McDonough Power Equip., Inc. v. Greenwood* (1984), 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663, followed.)**

*Id.* at paragraph one of syllabus.

{¶11} In the instant case, Juror No. 1 did not merely fail to disclose the fact that he was sued in the past, he affirmatively made a misrepresentation by boasting that "I'm proud to say in 33 years of practice I've never been sued for malpractice." Therefore, this is not a case where the juror merely forgot to disclose a material fact. This is a case where a juror answered a voir dire question dishonestly. In fact, his admission that he had done consulting work for both plaintiffs and defendants in past medical malpractice cases indicates he was familiar with the litigation process, and, therefore, understood the court's question regarding his involvement in "any litigation whatsoever."

**{¶12}** According to *Gundy*, the moving party must show prejudice by showing that "an accurate response from the juror would have provided a valid basis for a for-cause challenge." *Id.* We conclude that if the juror had revealed the fact that he had been named in prior lawsuits, this would have provided grounds for a "for cause" challenge. Pursuant to R.C. 2313.17(D), a prospective juror may be challenged for cause "on suspicion of prejudice against or partiality for either party." The fact that the juror had been sued several times before would create doubt as to whether he could be an unbiased witness. Unfortunately, because the juror answered dishonestly, plaintiff's attorney did not have the opportunity to explore the juror's involvement in the prior litigation.

**{¶13}** We also cannot ignore the fact that the verdict in this case was a split verdict of six to two, with the foreman voting in favor of the defendant. Without his vote, the verdict would not have been unanimous. Moreover, as foreman, the juror could have influenced the other jurors. Therefore, his ability to be impartial was crucial to the case; based on his dishonest answer during voir dire, his claimed impartiality is not beyond suspicion. Accordingly, the trial court abused its discretion by denying Burton's motion for a new trial. Burton's sole assigned error is sustained.

**{¶14}** Judgment reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellees his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR